## CHANDLER v. CULLIMORE.

No. 5604. Decided August 15, 1935. (49 P. [2d] 422.)

Rehearing denied September 27, 1935.

*Claude F. Baker,* of Eureka, and *J. C. Halbersleben,* of Provo, for appellant.

*Backman & Backman,* of Salt Lake City, and *Geo. S. Ballif* of Provo, for respondent.

FOLLAND, Justice.

This is an action by the receiver of an insolvent Minnesota corporation to recover a stockholder's assessment from the defendant, an alleged stockholder of the defunct corporation. In 1924, 1925, 1926, and 1927 the defendant at different times purchased a total of 2,000 shares of stock in the Diamond Motor Parts Company, and in 1927 received 100 shares of such stock as a stock dividend. Under the Minnesota law a ratable assessment of not to exceed 100 per cent of the par value of the stock may be levied against stockholders of certain corporations in the event of insolvency. This company went into receivership in 1929. After appropriate proceedings in the United States District Court for Minnesota, a ratable assessment of 100 per cent on the outstanding stock was levied by the court. The receiver was directed to collect such asssessment and where necessary to commence and prosecute actions against stockholders for the recovery of the amount of their assessments. Pursuant to such proceedings and order, this action was filed by the receiver who alleged the fact of the receivership, the proceedings in court, and that the defendant was

a stockholder holding 2,100 shares of such stock. In his answer the defendant admitted he was a stockholder of the corporation, but alleged in defense of the action, and by way of counterclaim, certain fraud in the sale of the stock to him and prayed for a return of the money paid by him for the stock, tendering back the stock. He also alleged in his answer that the corporation had never qualified to do business in the state of Utah, nor had it complied with the laws with reference to foreign corporations, nor had it or its agents or representatives secured a license or permit to sell the stock referred to in plaintiff's complaint. Plaintiff replied admitting that the Diamond Motor Parts Company had never qualified to do business in the state of Utah, and alleged that the corporation had never done business within the state. He denied the fraud alleged by defendant and set up as a defense to such allegation that the defendant is estopped and precluded from asserting any alleged fraud on the part of the corporation, if any, in the procuring of the subscription of the stock by reason of lack of diligence in failing to assert such claimed fraud prior to the time suit was filed by plaintiff, and that defendant had waived any right of action to rescind by reason of lapse of time and by his acceptance of dividends on the stock.

In the course of the trial the trial court sustained plaintiff's objection to the reception of any evidence under defendant's counterclaim based on fraud. At the close of the evidence the court made and entered its findings of fact, conclusions of law, and rendered judgment in favor of the defendant and against plaintiff, no cause of action. Plaintiff appeals and has assigned numerous errors which may be conveniently arranged into three groups: (1) That certain findings of fact are not within the issues made by the pleadings; (2) that certain of the findings of fact are not supported by the evidence; and (3) the overruling of objection to the introduction of evidence on the ground that it was not within the issues. The court made no findings with respect to the alleged fraud or the estoppel and waiver

urged in defense thereto. No error is predicated on the action of the court in sustaining the objection to the admission of any evidence under the counterclaim. No question is before us with respect to such matter.

The case was decided by the trial court on the theory that the corporation had not complied with the statutes with respect to foreign corporations doing business in the state, and had not obtained any license or permit to sell stock within the state, hence the sales of stock to the defendant were void and the receiver not in a position to recover. No specific findings were made respecting the times or circumstances of the various sales of stock. The finding that the sales were void was in the nature of a conclusion.

Appellant's argument is directed chiefly to the point that the pleadings do not formulate the issue on which the case was decided. Plaintiff made timely objections to the introduction of evidence and also to the findings on the ground of insufficiency of the pleadings thus preserving his record throughout so as to entitle him to raise the question on appeal. A reading of the answer and counterclaim and the reply thereto would indicate that defendant was relying chiefly on the allegations of fraud to entitle him to defeat recovery of the assessment by plaintiff, and that the plaintiff relied on his allegations of estoppel and waiver to overcome defendant's defense. These issues were eliminated by the ruling of the court. The allegations relied on in support of the judgment are very brief. Defendant by answer alleged

"that plaintiff has never qualified to do business in the State of Utah, nor has it complied with the laws of the State of Utah with reference to foreign corporations, nor has plaintiff, Diamond Motor Parts Company, and/or its agents and representatives secured a license or permit to sell the stock referred to in plaintiff's complaint within the State of Utah."

Defendant nowhere alleged that the corporation had done business in the state or that the sales of stock by the corporation to the defendant were transactions within the state

and alleged no facts from which it might be inferred that such transactions were void or voidable under the laws of the state. Defendant in effect concedes his answer is insufficient to raise the issue of invalidity of the stock sales, but contends the issue is made by the admissions and allegations of the reply wherein plaintiff admitted the corporation had never qualified to do business in the state and alleged it had never done business in the state of Utah. The defect in pleading was pointed out by objections timely made during trial. Under the circumstances, we believe the issues on which the decision rests were not properly nor adequately defined. The correctness of this conclusion more plainly appears when we take into consideration other allegations of the complaint to the effect that "defendant is, and was at all times herein alleged, a stockholder in the said corporation," and the admission in defendant's answer that "this defendant admits that he was a stockholder in said corporation, but denies the other allegations of paragraph 6." The answer admits he was a stockholder, but fails to allege any facts by which he is shown to have ceased to be such stockholder or by which he can avoid the liabilities incident to such status. The answer does not allege that the stock sales were Utah transactions or that they or either of them were void because such sales were "doing business" by a foreign corporation within the state in violation of Comp. Laws Utah 1917, § 945, as amended by Laws of Utah 1925, c. 41, p. 86, and section 947 (these sections now R. S. Utah 1933, 18-8-1 to 18-8-5, as amended by Sess. Laws 1933, c. 12, p. 21, and 2d Sp. Sess. Laws 1933, c. 4, p. 14, § 2), or that such transactions, or either of them, were void or voidable under the securities act. Special Session Laws Utah 1919, chap. 17, § 24, p. 35, or Laws Utah 1925, chap. 87, § 18, p. 188, as amended by Laws Utah 1929, pp. 126, 140, c. 79, (now R. S. Utah 1933, 82-1-25).

There is a difference in the nature and scope of the two statutes. Defenses available under an alleged violation of the one might not be available as to the other. This is ob-

vious from a comparison of the statutes. Section 947 provides that "any contract, agreement, or transaction" made by a foreign corporation not complying with the provisions of section 945 "shall be wholly void." Section 24 of the sale of securities act. Special Session Laws Utah 1919, chap. 17, in effect in 1924 when the first sale of 150 shares of stock was made to defendant, provided that "any contract of sale made in violation" of the act "shall be unlawful and void." This was amended by Laws Utah 1925, chap. 87, § 18, p. 188, effective May 12, 1925. The amendment was in effect at the time the remaining 1,850 shares of stock were sold to defendant. It provided that "every sale or contract for sale made in violation" of the act "shall be voidable at the election of the purchaser," etc.

We do not pass on the question whether these stock sales come within the general rule that the solicitation and acceptance by a foreign corporation of subscriptions to its capital stock is not "doing business" within the meaning of statutes imposing requirements and conditions on foreign corporations (14A C. J. 1280), but merely hold that there are no sufficient allegations of fact in the pleadings to properly present an issue with respect to such matter.

The issues should have been more clearly defined and specific findings of fact made responding thereto in order to permit an adjudication of the question on merits argued in the briefs.

Since the judgment must be reversed for the reasons stated, it is unnecessary to discuss the other questions argued. The judgment is reversed and the cause remanded to the district court of Utah county with directions to grant a new trial and to permit amendments to the pleadings if the parties, or either of them, desire so to do. Costs to appellant.

ELIAS HANSEN, C. J., and EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.